UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Caree Graybow,<br><br>                Plaintiff,<br><br>v.<br><br>U.S. Bank,<br><br>                Defendant. | Case No. 22-cv-00055 (SRN/DTS)<br><br><br><br>**Order** |

David C. Keegan, Keegan Law Firm, 302 W Superior St, Suite 650, Duluth, MN 55802; and Robert E. Mathias, Mathias Law Firm, 11 E Superior St, Suite 506, Duluth, MN 55802, for Plaintiff.

Erin L. McCann, Faegre Drinker Biddle & Reath LLP, 90 S. 7th St., Suite 2200, Minneapolis, MN 55402; and Ryan A. Sawyer, Locke Lord LLP, 111 South Wacker Dr., Suite 4100, Chicago, IL 60606, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant U.S. Bank's Motion to Dismiss [Doc. No. 23]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendant's motion.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff, Caree Graybow ("Ms. Graybow") alleges that prior to their divorce, her then husband Bruce Graybow ("Mr. Graybow"), obtained a HELOC home equity loan ("the HELOC loan") from Defendant, U.S. Bank National Association ("U.S. Bank"), using the Graybows' Minnetonka, Minnesota homestead as collateral. (Am. Compl. at ¶ 5.)

1

Ms. Graybow alleges that she was not present when the HELOC loan was executed, and that the manager of the Ridgedale Branch of U.S. Bank "negligently and illegally notarized Plaintiff's signature which had been forged by Mr. Graybow." (*Id.* at ¶ 6.)

The Graybows began divorce proceedings in September of 2016 (Dissolution J. [Doc. No. 1-3] at 2). Ms. Graybow was represented by counsel for a majority of the proceedings, but was self-represented at trial. (*Id.* at 2.) She alleges that she first discovered the alleged forgery during this time. (Am. Compl. at ¶ 7.) When she attempted to raise the issue during the trial, she alleges that the judge failed to consider her evidence and U.S. Bank refused to provide her with documents that would prove it. (*Id. at* ¶¶ 7–8.)

As part of the dissolution judgment entered on March 14, 2018, the state court judge found that Mr. and Ms. Graybow both used the HELOC loan to fund personal and business expenses. (Dissolution J. at 9–10.) Accordingly, he found that it was fair that they continue to be jointly liable on the debt, and that the debt be fully satisfied out of the proceeds from the sale of the homestead. (*Id.* at 20–21.)

### B.     Procedural Background

On November 24, 2021, Ms. Graybow filed suit in Minnesota state court against U.S. Bank. (State Ct. Compl. [Doc. No. 1-1].) On January 10, 2022, U.S. Bank removed the case to federal court, and on January 18, 2022, it filed its first Motion to Dismiss [Doc. No. 8]. On February 2, 2022, Ms. Graybow filed an Amended Complaint, alleging that "[a]s a direct result of U.S. Bank's negligent and illegal acts" she lost much of the equity in her home, she was forced to pay money to U.S. Bank that she did not owe, and her credit worthiness was, and will be, adversely affected. (Am. Compl. at ¶¶ 9–11.)

In response, U.S. Bank filed a second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 23], arguing that Ms. Graybow's Amended Complaint fails to state a claim because it is barred by collateral estoppel or the voluntary payment doctrine. (Def.'s Supp. Mem. [Doc. No. 25] at 4–5.) U.S. Bank also argues that her negligence claim fails because she cannot prove that she suffered any damages. In particular, U.S. Bank alleges that Ms. Graybow cannot cite to her allegedly damaged credit to show injury resulting from U.S. Bank's purported negligence. (*Id.* at 10–11.) Such a claim, U.S. Bank alleges, can only be asserted under the Fair Credit Reporting Act ("FCRA"). (*Id.* (citing 15 U.S.C. § 1681h(e)).)

## II.   STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true and views those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. *See* Fed. R. Civ. P. 12(d). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record."[1] *Illig v. Union*

---

[1]   For purposes of this motion, the Court has taken judicial notice of the Dissolution Judgment dated March 14, 2018 on the public docket of the Hennepin County District Court. *See Petrie ex re. PPW Royalty Tr. v. Barton*, 841 F.3d 746, 753 (8th Cir. 2016), *as amended* (Oct. 28, 2016) (noting that a court may take judicial notice of opinions and orders when adjudicating a motion to dismiss); *Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir.2010) ("[W]e see no reason why the District Court . . . could not take

*Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must allege facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. Plaintiff Is Collaterally Estopped From Relitigating Her Liability Under the HELOC Loan

##### 1. The Law

Federal courts must accord the same preclusive effect to a state court judgment that it would receive in the courts of the state from which the judgment emerged. 28 U.S.C. § 1738; *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010). Thus, "Minnesota rules of collateral estoppel apply in federal court cases involving a prior Minnesota state

---

judicial notice of the publicly available state-court argument, particularly where the issue at hand is possible preclusion of a federal claim as a result of those same state-court proceedings."); *see also Harris v. TransAmerica Life Ins. Co.*, No. 4:14-cv-186 (CEJ), 2014 WL 1648813, at *2 (E.D. Mo. Apr. 23, 2014) (taking judicial notice of a divorce settlement agreement, over plaintiff's objection, when granting defendant's motion to dismiss).

4

court judgment." *Final Exit Network, Inc. v. Ellison*, 370 F. Supp. 3d 995, 1016 (D. Minn. 2019) (citation omitted).

Under Minnesota law, collateral estoppel "precludes the relitigation of issues that are identical to issues previously litigated and that were necessary and essential to the prior judgment." *Wong v. Minnesota Dep't of Hum. Servs.*, 820 F.3d 922, 933 (8th Cir. 2016) (citing *Minneapolis Cmty. Dev. Agency v. Buchanan*, 268 F.3d 562, 566 (8th Cir. 2001)). It applies "where: (1) the issues are identical to those in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party in the previous action; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issues." *Id.* at 933–34.

### 2. Analysis

U.S. Bank argues that collateral estoppel bars Ms. Graybow from relitigating her liability under the HELOC loan. (Def.'s Supp. Mem. at 5–8.) Ms. Graybow concedes that the dissolution judgment is a final judgment on the merits, but argues that collateral estoppel does not preclude her claims in this lawsuit because U.S. Bank was not a party to her divorce proceedings. (Pl.'s Opp'n Resp. at 3.) She also argues that the issues in the instant case are not identical to those in the dissolution proceeding, as that proceeding involved the division of marital assets and debts, not U.S. Bank's conduct. (*Id.* at 3.) Further, she contends that she was not given a full and fair opportunity to be heard in the previous trial because she was self-represented, and U.S. Bank refused to produce evidence of the alleged forgery during the proceedings. (*Id.* at 3–4.)

5

### a. The Estopped Party was a Party in the Previous Action

Collateral estoppel is available if "the estopped party was a party or in privity with a party in the previous action." *Wong*, 820 F.3d at 934. Because Ms. Graybow was a party to her divorce proceedings, and is the party against whom estoppel is sought, this element of collateral estoppel has been met. (*See* Dissolution J. at 1.) U.S. Bank, as the party seeking estoppel, is not required to have been a party to the prior proceedings. *Minneapolis Cmty. Dev. Agency v. Buchanan*, 268 F.3d 562, 568 (8th Cir. 2001) (finding that "Minnesota law does not require mutuality of parties" to apply collateral estoppel).

### b. The Issue in the Divorce Judgment is Identical to the Issue in the Instant Action

The party seeking collateral estoppel has the burden "to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (citing *Dowling v. United States*, 493 U.S. 342, 350 (1990)). Thus U.S. Bank has the burden to demonstrate that the issue being litigated in this proceeding was decided in the divorce proceeding. Importantly, "[t]he doctrine of collateral estoppel applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto." *Id.* (finding claim that a correctional center denied litigant access to legal papers was barred by collateral estoppel because claim was identical to one necessarily decided by a previous denial of a Rule 60(b) motion, even though that order did not specifically address denial of access).

Ms. Graybow argues that the issue in this case is different, as this lawsuit alleges wrongful conduct by U.S. Bank that was not addressed in the dissolution judgment. "But

6

the facts of the two cases need not be identical, as long as any factual differences have no 'legal significance' in 'resolving the collateral estoppel in both cases.' " *All Finish Concrete, Inc. v. Erickson*, 899 N.W.2d 557, 567–68 (Minn. App. 2017) (finding previous order allowing corporate veil to be pierced by creditor addressed identical issue as a similar suit with a different creditor, despite slightly different facts and interests, as both addressed personal liability of the company's sole shareholder, officer, and director).

The state court found that the Graybows both "frequently and regularly used the [HELOC loan] to fund their personal and business expenses during [the divorce proceedings, and the] balance of the debt . . . ha[d] raised significantly as a result of both parties' expenditures." (Dissolution J. at 9.) It also found that "[b]oth parties [] accessed the funds to pay attorney's fees and both [] relied on this account in such a manner that it [] basically bec[a]me a transactional account." (*Id.* at 9–10.) Therefore, the court determined it was "fair that the parties continue to be jointly liable and responsible for ongoing debt maintenance payments until the proceeds of sale of the homestead satisfy the debt," and ruled that any remaining proceeds from the sale of the homestead would be split between the Graybows. (*Id.* at 10.) Although Ms. Graybow is correct that the state court did not make a finding as to whether U.S. Bank negligently notarized the loan documents, it did decide that Ms. Graybow was liable for the loan based on her actions *after* the loan was opened. Thus, the court necessarily decided that Ms. Graybow was liable for the loan, regardless of whether her signature was forged or not on the documents opening the loan. *See Irving*, 586 F.3d 645, 648.

Accordingly, the Court finds that Ms. Graybow's liability on the HELOC loan, regardless of the veracity of the signature on the opening documents, was ruled on in the dissolution order, a proceeding to which she was a party and had a full opportunity to be heard.

### c. Ms. Graybow Had a Full and Fair Opportunity to Litigate the Issue

The determination of whether a party had a full and fair opportunity to litigate "generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (citation omitted).

A judgment is "not unfair simply because [a litigant] was pro se." *Nathe v. Thompson*, No. A19-0559, 2019 WL 6836789, at *4 (Minn. App. Dec. 16, 2019). And Minnesota courts "consistently hold pro se litigants to the same rules and standards as licensed attorneys." *Peet v. Associated Bank, N.A. Mendota Heights*, No. 11-cv-2544 (SRN/JJG), 2013 WL 717349, at *4 (D. Minn. Feb. 27, 2013) (finding a party's pro se status during court proceeding did not indicate he was denied a full and fair opportunity to litigate his claims), *aff'd*, 556 Fed. Appx. 546 (8th Cir. 2014); *see Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001) (noting that some accommodations may be made for pro se litigants, but they are generally held to the same standard as attorneys and must comply with court rules).

Additionally, "a litigant's disagreement with a legal ruling does not necessarily mean that the court denied the litigant a full and fair opportunity to litigate a matter." *Carlson v. Bloomington Hous. Partners II*, No. A10-1926, 2011 WL 2672258, at *6 (Minn. App. July 11, 2011) (citing *State v. Joseph*, 636 N.W.2d 322, 329 (Minn. 2001)); *see also Erickson v. Horing*, No. 99–1468 (JRT/FLN), 2001 WL 1640142, at *10 (D. Minn. Sept. 21, 2001) ("Plaintiffs' allegation that they did not have a full and fair opportunity to litigate the fraud issue in the state court because they were not permitted any discovery does not preclude the Court from finding that an issue was 'litigated' for collateral estoppel purposes.").

Ms. Graybow alleges that she was not given an opportunity to litigate her liability on the loan fully and fairly during her divorce proceedings because she was self-represented at the time of trial. (Pl.'s Opp'n Resp. at 3.) However, she has not pled any specific facts in support of her allegation that her divorce proceedings were unfair, or that she was not given a full and fair opportunity to be heard at trial. The Court is cognizant of Ms. Graybow's pro se status, but cannot find that the proceedings were unfair based solely on the fact that she was self-represented. *See Nathe*, 2019 WL 6836789, at *4.

Ms. Graybow also argues that she was unable to fully and fairly litigate her liability for the HELOC loan during trial because she was unable to introduce into evidence documents related to the alleged forgery of the HELOC loan documents. (Pl.'s Opp'n Resp. at 3.) However, beyond conclusory statements made, there are no facts pled to support this claim. For instance, she fails to allege that her attorney ever issued a subpoena, or that U.S. Bank refused to comply with any subpoena properly served under the rules. A court has

9

"broad discretion to issue discovery orders and to control courtroom proceedings." *Carlson*, 2011 WL 2672258, at *6. Here, it appears Ms. Graybow "merely complains about the [trial] court's adverse rulings," *Id.* at *6, or admits to having not properly raised the issue of subpoenaing documents during the previous proceedings, neither of which support her claim she was not given an opportunity to fully and fairly litigate the issue. *Id.*

Accordingly, even accepting all the facts alleged in the complaint as true, and viewing the allegations in the light most favorable to Ms. Graybow, collateral estoppel bars Ms. Graybow from relitigating her liability under the HELOC loan.[2]

**B.   Negligence Claim**

Ms. Graybow also alleges that "as a result of the Bank's negligent and illegal acts [her] credit worthiness has been adversely affected causing her to lose money in higher financing costs and being denied credit due to her poor credit standing up to the time of trial." (Am. Compl. at ¶ 10.)

A negligence claim requires a showing of a duty of care, a breach of the duty of care, injury, and causation. *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 267 F.R.D. 549, 566 (D. Minn. 2010), *aff'd*, 644 F.3d 604 (8th Cir. 2011) (citing *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995)). To state an actionable negligence claim in Minnesota, Plaintiffs must allege "damages or a cognizable injury." *See Manion v. Nagin*, 394 F.3d 1062, 1067 (8th Cir. 2005) (applying Minnesota law and affirming dismissal of negligence

---

[2]   The Court need not address U.S. Bank's alternative argument under the voluntary repayment doctrine since the Court finds that collateral estoppel precludes Ms. Graybow's claim.

claim when there were no cognizable damages); *K.A.C. v. Benson*, 527 N.W.2d 553, 561 (Minn. 1995) ("[T]he breach of legal duty without compensable damages recognized by law is not actionable.").

U.S. Bank argues that this allegation of damage to her credit worthiness is barred by the FCRA. (Def.'s Reply at 5–6, Def.'s Supp. Mem. at 10–11.)

The FCRA provides in relevant part:

> Except as provided in sections 1681n [willful violations of the FCRA] and 1681o [negligent violations of the FCRA] of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g [governing disclosures to consumers by CRAs and others], 1681h, or 1681m [governing disclosures by users of consumer reports] of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added). When this provision applies, it preempts state law claims for defamation, negligence, and invasion of privacy. *See Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980).

Thus, U.S. Bank is correct that Ms. Graybow's negligence suit based on alleged damage to her creditworthiness is preempted by 15 U.S.C. § 1681h(e). *See Reed v. Experian Info. Sols., Inc.*, 321 F. Supp. 2d 1109, 1117 (D. Minn. 2004) (finding plaintiff's claims of defamation, invasion of privacy and negligence were preempted by the FCRA).

## IV.    CONCLUSION

Based on the submissions, hearing, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that U.S. Bank's Motion to Dismiss [Doc. No. 23] is **GRANTED** and the Amended Complaint [Doc. No. 16] is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ADCCORDINGLY.**

Dated: July 18, 2022                              s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge